IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT S. CLARK, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:13-CV-01233-TWT-JFK |
| GOVERNOR'S OFFICE OF CHILDREN AND FAMILIES OFFICE OF PLANNING AND BUDGET of the State of Georgia, | |
| Defendant. | |

## NON- FINAL REPORT AND RECOMMENDATION

Pending before the court is Defendant Governor's Office of Children and Families Office of Planning and Budget of the State of Georgia's motion [Doc. 4] to dismiss the original complaint filed by Plaintiff Robert S. Clark on April 15, 2013 [Doc. 1], pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond to the motion to dismiss; instead, on May 24, 2013, Plaintiff filed an amendment to the complaint. [Doc. 5]. Thereafter, Defendant filed a motion [Doc. 6] for a more definite statement, pursuant to Rule 12(e), with respect to any federal causes of action intended to be asserted and a motion [Doc. 6] to dismiss the state law tort claim for negligence/negligent supervision asserted in the amended complaint. Plaintiff did not respond indicating that the motion is unopposed. See Local Rule 7.1B, N.D. Ga.

I.  **Procedural History and Allegations**

On April 15, 2013, Plaintiff filed a complaint in which he contended he was "claiming quantum meruit for employment discrimination as well as back wages, front pay, pension loss and any other lost compensation for which he was and is entitled." [Doc. 4 ¶ 10]. In the complaint, Plaintiff alleged that he had been employed by Defendant since November 2008. [Id. ¶¶ 2-3]. He alleged that he was subjected to religious harassment by a female co-worker while employed and that the co-worker "repeatedly called the Plaintiff's religion 'weird' . . . ." [Id. ¶¶ 4-5]. After Plaintiff complained to his supervisors, he contends nothing was done. On April 4, 2012, Plaintiff claims he was terminated for unprofessional conduct. [Id. ¶¶ 6-9]. This is the entirety of the allegations and "causes" of action set forth in the complaint. Defendant moved to dismiss contending that Plaintiff had failed to allege a cause of action, that it was not clear if Plaintiff was asserting federal claims, and that the state "quantum meruit" claim was subject to dismissal. [Doc. 3]. As noted, Plaintiff did not respond; however, he filed an amended complaint. [Doc. 5].

In that complaint, Plaintiff stated that the cause of actions were brought pursuant to 42 U.S.C. § 2000e of the Civil Rights Act of 1991 ("Title VII") and that damages were sought for Defendant's "discriminatory, retaliatory, and negligent conduct . . . ." [Id., Introduction]. Plaintiff pled the administrative exhaustion requirements of Title

2

VII, alleging that he filed a charge of discrimination based on religion with the Equal Employment Opportunity Commission ("EEOC") and that the right to sue notice was mailed on January 15, 2013. [Id. ¶¶ 6-7]. Plaintiff's factual allegations fleshed-out those of his original complaint, again noting the religious harassment of his co-worker, his complaints about the harassment to supervisors, the failure to take action by Defendant, and his termination from employment. [Id. ¶¶ 16-19]. Next, Plaintiff pleads elements of Title VII causes of action but does not enumerate "counts" with citation to the provisions allegedly violated. [Id. ¶¶ 20-28]. And, even more confusedly, he then alleges as "Count 1 - State Law - Negligence - Negligent Supervision" contending that Defendant was or should have been aware of the harassment, that nothing was done, and that Plaintiff was harmed. [Id. ¶¶ 29-32].

In response, Defendant filed the motion for a more definite statement correctly noting that the amended complaint is "vague and ambiguous" and confusing due to the identification of only one count for negligence/negligent supervision although referencing Title VII. [Doc. 6 at 2-5]. Defendant also seeks dismissal of the state law tort claim on the grounds that Plaintiff failed to comply with the Georgia Tort Claims

3

Act ("GTCA"), O.C.G.A. § 50-21-26. [Id. at 5-8].[1] As noted, Plaintiff did not respond to the new motion.

## II.   Standard of Law

### a.   Rule 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The Federal Rules of Civil Procedure do not require that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

---

[1] Defendant makes an additional immunity argument; however, because the court finds the claim raised pursuant to the GTCA requires dismissal of the state tort claim, the court will not address the immunity argument.

4

recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67). A plaintiff's complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

5

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). And, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Board of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

    **b.**    **Rule 12(e)**

"If a defendant needs more information to answer a complaint, the proper response is for that defendant to move for a more definite statement under Rule 12(e)

6

of the Federal Rules of Civil Procedure."[2] Cobb v. Marshall, 481 F. Supp. 2d 1248, 1259 (M.D. Ala. 2007) (citing, *inter alia*, Anderson v. Dist. Board of Trustees Cent. Fla. Comm., 77 F.3d 364, 366 (11th cir. 1996) ("a defendant faced with an incomprehensible complaint 'is not expected to frame a responsive pleading,' but 'is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement'")). As already stated, Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007). And Rule 10(b) "requires that the allegations of a claim 'shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] [e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count.'" Beckwith v. BellSouth Telecommunications

---

[2]Rule 12(e) provides in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e) (as amended 2007).

7

Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005) (quoting Fed. R. Civ. P. 10(b)).[3] Complaints that do not comply with those Rules "present an unfair burden on a defendant" and require a more definite statement of the complaint. Id.

The court will apply these standards in ruling on Defendant's motion for a more definite statement and to dismiss the state law claim.

### III.   Discussion

First, the court notes that an amended complaint generally supersedes the original complaint. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 601 (5th Cir. 1981)); and see Wilson v. First Houston Inv. Corp., 566 F.2d 1235, 1237-38 (5th Cir. 1978) ("As a general rule[,] an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading."), vacated on other grounds First Houston Inv. Corp. v. Wilson, 100 S. Ct. 442 (1979). "'[T]he original pleading is [considered] abandoned by the amendment,

---

[3]Rule 10(b) was amended in 2007, for stylistic purposes, and now reads in pertinent part as follows:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .

Fed. R. Civ. P. 10(b) (as amended 2007).

8

and is no longer a part of the pleader's averments against his adversary.'" Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (citations omitted). Plaintiff's amended complaint does not refer to or incorporate the original complaint; therefore, only the claims asserted in the amended complaint are properly before the court. For this reason, the court **RECOMMENDS** that Defendant's first motion [Doc. 4] to dismiss be **DENIED** as **MOOT**.

### a.     State Law Tort Claim

Defendant seeks to dismiss Count 1 of the amended complaint which alleges a state law tort claim of negligence/negligent supervision. [Doc. 6 at 5-7]. Defendant contends, and Plaintiff has not opposed that contention, that Plaintiff did not comply with the GTCA provision requiring mandatory notice of a claim or ante litem notice. [Id.]. The Georgia Court of Appeals has explained, "Pursuant to our state constitution, sovereign immunity insulates the state and its departments and agencies from liability except to the extent that the legislature enacts a specific waiver." Southerland v. Georgia Dep't of Corrections, 293 Ga. App. 56, 57, 666 S.E.2d 383, 384-85 (2008). "The GTCA represents a waiver of the State's sovereign immunity, limited in extent and manner." Doe v. Georgia Dep't of Corrections, 268 Ga. 582, 583, 492 S.E.2d 516, 517 (1997). "Under the Act, and as a condition precedent to any tort action being filed against the State, O.C.G.A. § 50–21–26(a)(2) provides for notice ante litem motam,

9

i.e., notice before suit is brought." Howard v. State, 226 Ga. App. 543, 543, 487 S.E.2d 112, 113 (1997).

The ante litem notice must provide the following information: "the state government entity whose acts or omissions are asserted as the basis for the claim . . . ; the time and place of the occurrence from which the claim arose . . . ; the nature and amount of the loss suffered . . . ; and the acts or omissions that caused the loss . . . ." Cummings v. Georgia Dep't of Juvenile Justice, 282 Ga. 822, 823, 653 S.E.2d 729, 731 (2007) (citations omitted). The GTCA also states that the notice "shall be given in writing and shall be mailed by certified mail, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim." O.C.G.A. § 50–21–26(a)(2). "Such notice must be given in writing within 12 months of the date the party's loss was or should have been discovered." Cummings, 282 Ga. at 823, 653 S.E.2d at 731. "The purpose of these requirements is to ensure that the state receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit." Williams v. Georgia Dep't of Human Resources, 272 Ga. 624, 625, 532 S.E.2d 401, 403 (2000). The GTCA "makes absolutely clear that no action against the State 'shall

be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in' the statute." Johnson v. E.A. Mann & Co., 273 Ga. App. 716, 722, 616 S.E.2d 98, 102 (2005) (quoting O.C.G.A. § 50-21-26(a)(3)).

Plaintiff did not plead in his complaint that he had filed an ante litem notice, and there is no evidence that he served the Risk Management Division of the Department of Administrative Services or Defendant. "'The GTCA, by its own terms, must be strictly construed. Substantial compliance with the ante litem notice requirement is inadequate under the Act. Strict compliance with O.C.G.A. § 50-21-26(a) is required.'" Williams v. Georgia Dep't of Transp., 275 Ga. App. 88, 90, 619 S.E.2d 763, 765 (2005) (citation omitted). Because Plaintiff has failed to comply with the GTCA, his claim for negligence/negligent supervision is barred by sovereign immunity and must be dismissed.[4]

For these reasons, the court **RECOMMENDS** that Defendant's motion [Doc. 6] to dismiss Count 1 of the amended complaint be **GRANTED**.

---

[4]The same result would apply to any other state law claim related to the conduct alleged in the complaint or amended complaint.

### b.  More Definite Statement

Although Plaintiff's amended complaint makes references to Title VII, including general allegations referencing both facts applicable to potential Title VII claims and to the statute, Plaintiff has not included counts asserting either religious discrimination or harassment or discriminatory retaliation.  [Doc. 5 ¶¶ 5-8, 10-19, 21-26].  Plaintiff's amended complaint does not comply with either Rule 8(a)(2) or Rule 10(b).  Defendant is not expected to guess what claims Plaintiff is asserting nor to frame a responsive pleading.  In this case, "the court finds that the proper remedy is to 'call [ ] [Plaintiff] to task' and direct counsel to remedy the deficient . . . count[s]."  Cobb, 481 F. Supp. 2d at 1259 (quoting Fikes v. City of Daphne, 79 F.3d 1079, 1084 (11th Cir. 1996)).  Apparently, Plaintiff agrees that his amended complaint is deficient because he does not oppose Defendant's request for a more definite statement.

For these reasons, the court **RECOMMENDS** that Defendant's motion [Doc. 6] for a more definite statement be **GRANTED**.  If the court adopts this recommendation, within twenty-one days of entry of the District Court's order, Plaintiff is **ORDERED** to file an amended complaint that complies with Rule 8(a)(2) by providing "a short and plain statement of [each] claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2) (as amended 2007), and with Rule 10(b) by stating each claim "in numbered paragraphs, each limited as far as practicable to a

single set of circumstances . . ." and by stating "each claim founded on a separate transaction or occurrence . . . in a separate count[,]" Fed. R. Civ. P. 10(b) (as amended 2007). Plaintiff is cautioned that failure to file an amended complaint that complies with the court's instructions may result in a recommendation that the case be dismissed.

## IV. Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's motion [Doc. 4] to dismiss the original complaint be **DENIED** as **MOOT**; that Defendant's motion [Doc. 6] to dismiss the state law claim in the amended complaint be **GRANTED**; and that Defendant's motion [Doc. 6] for a more definite statement be **GRANTED**. If the report and recommendation is adopted, within twenty-one days of entry of the District Court's order on the motion for a more definite statement, Plaintiff is **ORDERED** to file an amended complaint that complies with the instructions set forth *supra*.

**SO RECOMMENDED THIS** 26th day of July, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

13